UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————x
IN RE FIFTH STREET FINANCE CORP.    :
SECURITIES LITIGATION               :    Case No. 15-cv-7759 (LAK)
                                    :
————————————————————————            :
                                    :
This Matter Relates To:             :
                                    :
All Actions                         :
                                    :
————————————————————————x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/17/2017

## [PROPOSED] ORDER APPROVING CLASS-ACTION SETTLEMENT

WHEREAS Lead Plaintiff Oklahoma Police Pension and Retirement System

("Plaintiff"), on behalf of the Class (as defined below), has applied to the Court pursuant to Fed.

R. Civ. P. 23(e) and the Private Securities Litigation Reform Act of 1995 (the "PSLRA") for an

Order granting final approval of the proposed settlement of the above-captioned action in

accordance with the Stipulation of Settlement dated as of July 27, 2016 (including its exhibits)

(the "Settlement Agreement"), which sets forth the terms and conditions for a proposed

settlement of the Action against defendants Fifth Street Finance Corp. ("FSC") and the other

named defendants (the "Settlement"); and

WHEREAS, on November 10, 2016, the Court entered an Order (the "Notice Order")

provisionally certifying the Class for settlement purposes, directing notice to be disseminated to

potential Class Members, and scheduling a hearing (the "Fairness Hearing") to consider whether

to grant final approval of the proposed Settlement, the proposed Plan of Allocation, and Lead

Counsel's motion for an award of attorneys' fees and expenses; and

WHEREAS the Court held the Fairness Hearing on February 16, 2017 to determine,

among other things, (*i*) whether the terms and conditions of the proposed Settlement are fair,

reasonable, and adequate and should therefore be approved; (*ii*) whether the Class should be

finally certified for settlement purposes; (*iii*) whether notice to the Class was implemented pursuant to the Notice Order and constituted due and adequate notice to the Class in accordance with the Federal Rules of Civil Procedure, the PSLRA, the United States Constitution (including the Due Process Clause), and the Rules of the Court; (*iv*) whether to approve the proposed Plan of Allocation; (*v*) whether to enter a final judgment and order dismissing the Action on the merits and with prejudice as to Defendants and against all Class Members, and releasing and barring all the Released Defendants' Claims, Released Plaintiff's Claims, and Defendants' Mutually Released Claims as provided in the Settlement Agreement; and (*vi*) whether and in what amount to award attorneys' fees and expenses to Lead Counsel; and

WHEREAS the Court received submissions and heard argument at the Fairness Hearing from Lead Counsel and from Defendants' Counsel;

NOW, THEREFORE, based on the written submissions received before the Fairness Hearing, the arguments at the Fairness Hearing, and the other materials of record in this Action, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. **Incorporation of Settlement Documents.** This Order incorporates and makes a part hereof the Settlement Agreement dated as of July 27, 2016, including its defined terms. Terms not defined in this Order shall have the definitions given to them in the Settlement Agreement.

2. **Jurisdiction.** The Court has jurisdiction over the subject matter of the Action, the Plaintiff, all other Class Members (as defined below), and the Defendants and has jurisdiction to enter this Order and the Final Judgment (the "Judgment").

3. **Final Class Certification.** The Court grants final certification of the Class solely for purposes of the Settlement pursuant to Fed. R. Civ. P. 23(b)(3). The "Class" (consisting of

"Class Members") is defined to consist of all persons and entities (or legal beneficiaries) who purchased or otherwise acquired FSC common stock during the period from July 7, 2014 through February 6, 2015, inclusive (the "Class Period"). Excluded from the Class are:

    a.  All Defendants; any other individuals who were officers or directors (as determined under section 16 of the Exchange Act) of FSC or Fifth Street Asset Management Inc. during the Class Period; Family Members of any of the foregoing, and their legal representatives, trustees, administrators, heirs, successors, or assigns; and any entity in which any Defendant had a Controlling Interest during the Class Period;

    b.  persons or entities who submitted valid and timely requests for exclusion from the Class; and

    c.  persons or entities who, while represented by counsel, settled an actual or threatened lawsuit or other proceeding against the Releasees and released the Releasees from any further Claims concerning their purchase or other acquisition of FSC common stock during the Class Period.

    4.  This certification of the Class is made for the sole purpose of consummating the settlement of the Action in accordance with the Settlement Agreement. If the Court's grant of final approval does not become Final for any reason whatsoever, or if it is modified in any material respect, this class certification shall be deemed void *ab initio*, shall be of no force or effect whatsoever, and shall not be referred to or used for any purpose whatsoever, including in any later attempt by or on behalf of Plaintiff or anyone else to seek class certification in this or any other matter.

    5.  For purposes of the settlement of the Action, and only for those purposes, and subject to the terms of the Settlement Agreement, the Court finds that the requirements of

Fed. R. Civ. P. 23 and any other applicable laws (including the PSLRA) have been satisfied, in that:

    a.    The Class is so numerous that joinder of all members would be impractical;

    b.    One or more questions of fact and law are common to all Class Members;

    c.    Plaintiff's claims are typical of those of the other members of the Class;

    d.    Plaintiff has been and is capable of fairly and adequately protecting the interests of the members of the Class, in that (*i*) Plaintiff's interests have been and are consistent with those of the other Class Members, (*ii*) Lead Counsel has been and is able and qualified to represent the Class, and (*iii*) Plaintiff and Lead Counsel have fairly and adequately represented the Class Members in prosecuting this Action and in negotiating and entering into the proposed Settlement; and

    e.    For settlement purposes, questions of law and/or fact common to members of the Class predominate over any such questions affecting only individual Class Members, and a class action is superior to all other available methods for the fair and efficient resolution of the Action. In making these findings for settlement purposes, the Court has considered, among other things, (*i*) the Class Members' interests in individually controlling the prosecution of separate actions, (*ii*) the impracticability or inefficiency of prosecuting separate actions, (*iii*) the extent and nature of any litigation concerning these claims already commenced, and (*iv*) the desirability of concentrating the litigation of the claims in a particular forum.

    6.    **Final Appointment of Class Representative and Class Counsel for Settlement Purposes.** Solely for purposes of the proposed Settlement, the Court hereby (*i*) confirms its appointment of Oklahoma Police Pension and Retirement System as the class representative and

(*ii*) confirms its appointment of Labaton Sucharow LLP as class counsel pursuant to Fed. R. Civ. P. 23(g).

7.    **Notice.**  The Court finds that the distribution of the Individual Notice (including the Claim Form), the publication of the Publication Notice, and the notice methodology as set forth in the Notice Order all were implemented in accordance with the terms of that Order.  The Court further finds that the Individual Notice (including the Claim Form), the Publication Notice, and the notice methodology implemented pursuant to the Notice Order (*i*) constituted the best practicable notice, (*ii*) constituted notice that was reasonably calculated, under the circumstances, to apprise potential Class Members of the pendency of the Action, the nature and terms of the proposed Settlement, the effect of the Settlement Agreement (including the release of claims), their right to object to the proposed Settlement, their right to exclude themselves from the Class, and their right to appear at the Fairness Hearing, (*iii*) were reasonable and constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice (including any State and/or federal authorities entitled to receive notice under the Class Action Fairness Act), and (*iv*) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the PSLRA, and the Rules of the Court.

8.    **Final Settlement Approval.**  The Court finds that the proposed Settlement resulted from serious, informed, non-collusive negotiations conducted at arm's length by the Settling Parties and their counsel – with the assistance of an experienced mediator – and was entered into in good faith.  The terms of the Settlement Agreement do not have any material deficiencies and do not improperly grant preferential treatment to any individual Class Member. Accordingly, the proposed Settlement as set forth in the Settlement Agreement is hereby fully and finally approved as fair, reasonable, and adequate, consistent and in full compliance with all

applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the PSLRA, and the Rules of the Court, and in the best interests of the Class Members.

9.      In making these findings, the Court considered, among other factors, (*i*) the complexity, expense, and likely duration of the litigation if it were to continue, (*ii*) the potential Class Members' reactions to the proposed Settlement, including the number of exclusion requests and the number of objections, (*iii*) the stage of the proceedings and the amount of discovery and other materials available to Plaintiff's counsel, including the documents provided to Lead Counsel, the two-day Pre-Mediation Presentation that Defendants' Counsel made to Lead Counsel, and the additional discovery provided to Lead Counsel, (*iv*) the risks of establishing liability and damages, including the nature of the claims asserted and the strength of Plaintiff's claims and Defendants' defenses as to liability and damages, (*v*) Plaintiff's risks of obtaining certification of a litigation class and of maintaining certification through trial, (*vi*) Defendants' ability to withstand a greater judgment, (*vii*) the range of reasonableness of the Settlement Amount in light of the best possible recovery, (*viii*) the range of reasonableness of the Settlement Amount to a possible recovery in light of all the attendant risks of litigation, (*ix*) the experience and views of the Settling Parties' counsel, (*x*) the involvement of an experienced mediator (retired California Superior Court Judge Daniel Weinstein), (*xi*) the submissions and arguments made throughout these proceedings by the Settling Parties, and (*xii*) the submissions and arguments made in connection with the Fairness Hearing.

10.     The Court has received two identical, conclusory, one-sentence objections purportedly to the Settlement, which have been considered and are hereby overruled. There have not been any requests for exclusion from the Class.

6

11.    The Settling Parties are directed to implement and consummate the Settlement Agreement in accordance with its terms and provisions.  The Court approves the documents submitted to the Court in connection with the implementation of the Settlement Agreement.

12.    **Releases.**  Pursuant to this Order and the Judgment, without further action by anyone, and whether or not a Claim Form has been executed and/or delivered by or on behalf of any such Class Member, and subject to paragraph 16 below, on and after the Final Settlement Date, Plaintiff and all other Class Members, on behalf of themselves and the other Releasors, for good and sufficient consideration, shall be deemed to have, and by operation of law and of the Final Order and the Judgment shall have, fully, finally, and forever released, relinquished, settled, and discharged:

a.    all Released Plaintiff's Claims against each and every one of the Releasees;

b.    all Claims, damages, and liabilities as to each and every one of the Releasees to the extent that any such Claims, damages, or liabilities relate in any way to any or all acts, omissions, nondisclosures, facts, matters, transactions, occurrences, or oral or written statements or representations in connection with, or directly or indirectly relating to, (*i*) the prosecution, defense, or settlement of the Action, (*ii*) the facts and circumstances of the Settlement Agreement, the Settlement terms, and their implementation, (*iii*) the provision of notice in connection with the proposed Settlement, and/or (*iv*) the resolution of any Claim Forms submitted in connection with the Settlement; and

c.    all Claims against any of the Releasees for attorneys' fees, costs, or disbursements incurred by Lead Counsel or any other counsel representing Plaintiff or any other Class Member in connection with or related in any manner to the Action, the settlement of the

Action, or the administration of the Action and/or its settlement, except to the extent otherwise specified in the Settlement Agreement.

13.     Pursuant to this Order and the Judgment, without further action by anyone, and subject to paragraph 16 below, on and after the Final Settlement Date, each and all Releasees, including Defendants' Counsel, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of the Final Order and the Judgment shall have, fully, finally, and forever released, relinquished, settled, and discharged each and all Releasors, as well as Lead Counsel, from any and all Released Defendants' Claims, except to the extent otherwise specified in the Settlement Agreement.

14.     Pursuant to this Order and the Judgment, without further action by anyone, and subject to paragraph 16 below, on and after the Final Settlement Date, Plaintiff and its counsel (including Lead Counsel), on behalf of themselves, their heirs, executors, administrators, predecessors, successors, Affiliates, assigns, and any person or entity claiming by, through, or on behalf of any of them, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of the Final Order and the Judgment shall have, fully, finally, and forever released, relinquished, settled, and discharged Defendants' Counsel and all other Releasees from any and all Claims that relate in any way to any and all acts directly or indirectly relating to the prosecution, defense, or settlement of the Action or to the Settlement Agreement, except to the extent otherwise specified in the Settlement Agreement.

15.     Pursuant to this Order and the Judgment, without further action by anyone, and subject to paragraph 16 below, on and after the Final Settlement Date, Defendants, on behalf of

themselves, their heirs, executors, administrators, predecessors, successors, Affiliates, assigns, and any person or entity claiming by, through, or on behalf of any of them, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of the Final Order and the Judgment shall have, fully, finally, and forever released, relinquished, settled, and discharged each other from any and all Defendants' Mutually Released Claims.

16.     Notwithstanding paragraphs 12 through 15 above, nothing in this Order or the Judgment shall bar any action or Claim by the Settling Parties or their counsel to enforce the terms of the Settlement Agreement, the Final Order, or the Judgment.

17.     **Permanent Injunction.**  The Court enters the following permanent injunction:

a.     Plaintiff and all other Class Members (and their heirs, executors, administrators, trustees, predecessors, successors, Affiliates, representatives, and assigns) who have not validly and timely requested exclusion from the Class – and anyone else purporting to act on behalf of, for the benefit of, or derivatively for any of such persons or entities – are permanently enjoined from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding (as well as a motion or complaint in intervention in the Action if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, as to the Releasees based on or relating in any way to the Released Plaintiff's Claims, including the claims and causes of action, or the facts and circumstances relating thereto, in the Action;

9

b.      All persons are permanently enjoined from filing, commencing, or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) or other proceeding on behalf of any Class Members as to the Releasees, if such other lawsuit is based on or related in any way to the Released Plaintiff's Claims, including the claims and causes of action, or the facts and circumstances relating thereto, in the Action; and

c.      All Defendants, and anyone else purporting to act on behalf of, for the benefit of, or derivatively for any of such persons or entities, are permanently enjoined from commencing, prosecuting, intervening in, or participating in any claims or causes of action relating to the Defendants' Mutually Released Claims or the Released Defendants' Claims.

18.      **Contribution Bar Order.**  In accordance with 15 U.S.C. § 78u-4(f)(7)(A), any and all Claims for contribution arising out of any Released Plaintiff's Claim ($i$) by any person or entity against any of the Releasees and ($ii$) by any of the Releasees against any person or entity other than as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii) are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable.  Accordingly, without limitation to any of the above, ($i$) any person or entity is hereby permanently enjoined from commencing, prosecuting, or asserting against any of the Releasees any such Claim for contribution, and ($ii$) the Releasees are hereby permanently enjoined from commencing, prosecuting, or asserting against any person or entity any such Claim for contribution.  In accordance with 15 U.S.C. § 78u-4(f)(7)(B), any final verdict or judgment that might be obtained by or on behalf of the Class or a Class Member against any person or entity for loss for which such person or entity and any Releasees are found to be jointly liable shall be reduced by the greater of ($i$) an amount that corresponds to Defendants' percentage of responsibility for the loss to the Class or Class

Member or (*ii*) either (a) the Settlement Amount, in the case of the Class, or (b) that portion of the Settlement Amount applicable to the Class Member, in the case of a Class Member, unless the court entering such judgment orders otherwise.

19.    **Complete Bar Order.**  To effectuate the Settlement, the Court hereby enters the following Complete Bar:

a.    Any and all persons and entities are permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any Claim against any Releasee arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including Claims for breach of contract or for misrepresentation, where the Claim is or arises from a Released Plaintiff's Claim and the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Class or any Class Member, including any Claim in which a person or entity seeks to recover from any of the Releasees (*i*) any amounts that such person or entity has or might become liable to pay to the Class or any Class Member and/or (*ii*) any costs, expenses, or attorneys' fees from defending any Claim by the Class or any Class Member.  All such Claims are hereby extinguished, discharged, satisfied, and unenforceable, subject to a hearing to be held by the Court, if necessary.  The provisions of this subparagraph are intended to preclude any liability of any of the Releasees to any person or entity for indemnification, contribution, or otherwise on any Claim that is or arises from a Released Plaintiff's Claim and where the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Class or any Class Member; *provided, however,* that if the Class or any Class Member obtains any judgment against any such person or entity based upon, arising out of, or relating to any Released Plaintiff's Claim for which such person or entity and any of the Releasees are found to be jointly

11

liable, that person or entity shall be entitled to a judgment credit equal to an amount that is the greater of (*i*) an amount that corresponds to such Releasee's or Releasees' percentage of responsibility for the loss to the Class or Class Member or (*ii*) either (a) the Settlement Amount, in the case of the Class, or (b) that portion of the Settlement Amount applicable to the Class Member, in the case of a Class Member, unless the court entering such judgment orders otherwise.

      b.    Each and every Releasee is permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any Claim against any other person or entity (including any other Releasee) arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including Claims for breach of contract and for misrepresentation, where the Claim is or arises from a Released Plaintiff's Claim and the alleged injury to such Releasee arises from that Releasee's alleged liability to the Class or any Class Member, including any Claim in which any Releasee seeks to recover from any person or entity (including another Releasee) (*i*) any amounts that any such Releasee has or might become liable to pay to the Class or any Class Member and/or (*ii*) any costs, expenses, or attorneys' fees from defending any Claim by the Class or any Class Member. All such Claims are hereby extinguished, discharged, satisfied, and unenforceable.

      c.    Each and every Defendant is permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any Claim against any other Defendant arising under any federal, state, or foreign statutory or common-law rule, however styled, where the Claim is or arises from a Defendants' Mutually Released Claim. All such Claims are hereby extinguished, discharged, satisfied, and unenforceable.

      d.     Notwithstanding anything stated in the Complete Bar Order, if any person or entity (for purposes of this subparagraph, a "petitioner") commences against any of the Releasees any action either (*i*) asserting a Claim that is or arises from a Released Plaintiff's Claim and where the alleged injury to such petitioner arises from that petitioner's alleged liability to the Class or any Class Member or (*ii*) seeking contribution or indemnity for any liability or expenses incurred in connection with any such Claim, and if such action or Claim is not barred by a court pursuant to this paragraph or is otherwise not barred by the Complete Bar Order, neither the Complete Bar Order nor the Settlement Agreement shall bar Claims by that Releasee against (*a*) such petitioner, (*b*) any person or entity who is or was controlled by, controlling, or under common control with the petitioner, whose assets or estate are or were controlled, represented, or administered by the petitioner, or as to whose Claims the petitioner has succeeded, and (*c*) any person or entity that participated with any of the preceding persons or entities described in items (*a*) and (*b*) of this subparagraph in connection with the assertion of the Claim brought against the Releasee(s); *provided, however,* that nothing in the Complete Bar Order or Settlement Agreement shall prevent the Settling Parties from taking such steps as are necessary to enforce the terms of the Settlement Agreement.

      e.     Plaintiff and the Class Members will use reasonable efforts, in settling with any other person or entity any Claim based upon, arising out of, or relating to the Action or any of the Released Plaintiff's Claims that the person or entity might have against any of the Releasees, to obtain from such person or entity a release of any and all such Claims.

      f.     If any term of the Complete Bar Order entered by the Court is held to be unenforceable after the date of entry, such provision shall be substituted with such other provision as may be necessary to afford all of the Releasees the fullest protection permitted by

law from any Claim that is based upon, arises out of, or relates to any Released Plaintiff's Claim or any Defendants' Mutually Released Claim, as applicable.

        g.    Notwithstanding the Complete Bar Order or anything else in the Settlement Agreement, nothing shall release, interfere with, limit, or bar the assertion by any Releasee of (*i*) any Claim for insurance coverage under any insurance, reinsurance, or indemnity policy that provides coverage respecting the conduct at issue in the Action, (*ii*) any contractual right to indemnification or advancement as against any other Releasee, or (*iii*) any contractual right as against any other Releasee.

      20.    **No Admissions.**  This Order and the Judgment, the Settlement Agreement, the offer of the Settlement Agreement, and compliance with the Judgment or the Settlement Agreement shall not constitute or be construed as an admission by any of the Releasees of any wrongdoing or liability.  This Order, the Judgment, and the Settlement Agreement are to be construed solely as a reflection of the Settling Parties' desire to facilitate a resolution of the Claims in the Complaint and of the Released Plaintiff's Claims, the Released Defendants' Claims, and Defendants' Mutually Released Claims.  In no event shall this Order, the Judgment, the Settlement Agreement, any of their provisions, or any negotiations, statements, or court proceedings relating to their provisions in any way be construed as, offered as, received as, used as, or deemed to be evidence of any kind against the Settling Parties, the other Releasees, and the other Releasors in the Action, any other action, or any judicial, administrative, regulatory, or other proceeding, except a proceeding to enforce the Settlement Agreement.  Without limiting the foregoing, this Order, the Judgment, the Settlement Agreement, and any related negotiations, statements, or court proceedings shall not be construed as, offered as, received as, used as, or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever

on the part of any person or entity, including Defendants, or as a waiver by Defendants of any

applicable defense, or as a waiver by Plaintiff or the Class of any Claims, causes of action, or

remedies; *provided, however,* that this Order, the Judgment, and/or the Settlement Agreement

may be filed in any action against or by Releasees to support a defense of *res judicata,* collateral

estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit,

or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

21.     **Modification of Settlement Agreement.**  Without further approval from the

Court, the Settling Parties are hereby authorized to agree to and adopt such amendments,

modifications, and expansions of the Settlement Agreement (including its exhibits) as (*i*) are not

materially inconsistent with this Order and the Judgment and (*ii*) do not materially limit the

rights of Class Members under the Settlement Agreement.

22.     **Dismissal of Action.**  The Action, including all Claims that have been asserted, is

hereby dismissed on the merits and with prejudice, without fees or costs to any Settling Party

except as otherwise provided in the Settlement Agreement.

23.     **Retention of Jurisdiction.**  Without in any way affecting the finality of this

Order and the Judgment, the Court expressly retains continuing and exclusive jurisdiction over

the Settling Parties, the Class Members, and anyone else who appeared before this Court for all

matters relating to the Action, including the administration, consummation, interpretation,

effectuation, or enforcement of the Settlement Agreement and of this Order and the Judgment,

and for any other reasonably necessary purpose, including:

        a.      enforcing the terms and conditions of the Settlement Agreement, this

Order, and the Judgment (including the Complete Bar Order, the PSLRA Contribution Bar

Order, and the permanent injunction);

     b.     resolving any disputes, claims, or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, this Order, or the Judgment (including whether a person or entity is or is not a Class Member and whether claims or causes of action allegedly related to the Action are or are not barred by this Order and the Judgment or the releases);

     c.     entering such additional orders as may be necessary or appropriate to protect or effectuate this Order and the Judgment, including whether to impose a bond on any parties who appeal from this Order or the Judgment;

     d.     considering the approval of the proposed Plan of Allocation and any applications for awards of attorneys' fees and litigation expenses, which shall be the subject of separate orders, and such orders shall in no way affect or delay the finality of this Order or the Judgment and shall not affect or delay the Final Settlement Date; and

     e.     entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction; *provided, however,* that nothing in this Order or the Judgment shall interfere with the Mediator's ability to make any final, binding, and nonappealable rulings as prescribed in the Settlement Agreement.

24.     **Rule 11 Findings.**  The Court finds that all of the complaints filed in the Action were filed on a good-faith basis in accordance with the PSLRA and with Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information.  The Court finds that all Settling Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

25.     **Termination.**  If the Settlement does not become Final in accordance with the terms of the Settlement Agreement, or is terminated pursuant to the Settlement Agreement

(including Sections XII, XIII, and/or XIV), this Order and the Judgment shall be rendered null

and void to the extent provided by and in accordance with the Settlement Agreement.

26.     **Entry of Judgment.**   There is no just reason to delay the entry of this Order and

the Judgment, and immediate entry by the Clerk of the Court is expressly directed pursuant to

Rule 54(b) of the Federal Rules of Civil Procedure.

Dated:          New York, New York
                Feb. 17, , 2017

                                        _____

                                        The Honorable Lewis A. Kaplan
                                        United States District Judge

## APPENDIX OF SELECTED TERMS AND DEFINITIONS

**"Action"**

"Action" means the consolidated securities class actions originally filed as *Randall v. Fifth Street Finance Corp.*, No. 1:15-cv-07759 (S.D.N.Y. filed Oct. 1, 2015), *Hurwitz v. Fifth Street Finance Corp.*, No. 1:15-cv-08908 (S.D.N.Y. filed Nov. 12, 2015), and *Waters-Cottrell v. Fifth Street Finance Corp.*, No. 3:15-cv-01488 (D. Conn. filed Oct. 14, 2015) (renumbered as No. 1:16-cv-00088 after transfer to the Court), and currently pending in the United States District Court for the Southern District of New York under the consolidated caption *In re Fifth Street Finance Corp. Securities Litigation*, No. 15-cv-7759 (LAK), including any other cases that might be consolidated into that action as of the Final Settlement Date.


**"Defendants' Mutually Released Claims"**

"Defendants' Mutually Released Claims" means each and every Claim arising out of or relating to any or all of the acts, failures to act, omissions, misrepresentations, facts, events, matters, transactions, occurrences, or oral or written statements or representations during the Class Period that were or could have been alleged under the facts and circumstances pled in the Action (including in the Complaint and the original complaints filed in the Action), including the matters described in Subsections 65.a-t of the definition of "Released Plaintiff's Claims"; *provided, however,* that the term "Defendants' Mutually Released Claims" shall not apply to (*i*) any right to indemnification or advancement under any statute, charter, bylaw, or contract, (*ii*) any other contractual rights between or among Defendants, and (*iii*) any claims asserted in the FSC Derivative Actions.

**"Released Defendants' Claims"**

"Released Defendants' Claims" means each and every Claim that has been, could have been, or

could be asserted in the Action or in any other proceeding by any Releasee, including any

Defendant or the successors and assigns of any Defendant, against Plaintiff, any other Class

Members, or their attorneys (including Lead Counsel), that arises out of or relates in any way to

the institution, prosecution, or settlement of the Action, except for claims to enforce the

Settlement.

**"Released Plaintiff's Claims"**

"Released Plaintiff's Claims" means each and every Claim that Plaintiff or any other Class

Member (*i*) asserted against any of the Releasees in the Action (including all Claims alleged in

any complaint filed in the Action or in any action consolidated into it) or (*ii*) could have asserted

or could assert against any of the Releasees in connection with the facts and circumstances

alleged in the Action, whether arising under any federal, state, or other statutory or common-law

rule, in any court, tribunal, agency, or other forum, that both (A) arises out of or relates to the

purchase or other acquisition of FSC common stock during the Class Period, or any other

Investment Decision concerning FSC common stock during the Class Period, and (B) relates

directly or indirectly to the matters described in Subsections a through s below and/or any

alleged statements about or characterizations of – or alleged failures to disclose information

about – any of those matters, including with respect to both Subsections (i) and (ii) above:

   a.  the valuation and management of FSC's investments, including the approach used

in calculating the fair values of investments and the inputs used, assumptions made, and

comparables and quotations relied upon, the quality checks that were conducted regarding

valuation calculations, documentation concerning valuation decisions and calculations, decisions whether to write down or impair FSC's investments and the timing and amount of any investment write-downs, decisions whether to place investments on non-accrual status, decisions whether to obtain ITP valuations for particular investments, the selection of ITPs to perform such valuations, and the timing of ITP valuations of FSC's investments;

b.      the origination of investments for FSC's portfolio, including FSC's communications with and due diligence on investment sponsors, FSC's pre-investment due diligence and underwriting, the approval process for investments, and the structuring, negotiation, documentation, pricing, and terms of FSC's investments;

c.      FSC's risk management, including FSC's investment approach, the selection of its individual investments, creditor protections negotiated in connection with those investments, underwriting policies, the overall risk profile and credit quality of FSC's portfolio, and any characterizations or descriptions of those matters;

d.      FSC's leverage, including the aggregate amount of its indebtedness and the terms and structure of its various financing arrangements;

e.      the management of FSC's portfolio, including the processes used to manage the investments, the inputs into the Black Mountain platform regarding investments, the review, ranking, and rating of investments, and decisions to place investments on FSC's "Watchlist";

f.      waivers, amendments, and loan modifications effected regarding FSC's investments, including decisions regarding waivers of cash interest, conversion of loans to PIK interest, the modification of loan terms or interest rates, the provision of any additional financing to companies in which FSC had already made a debt or equity investment, the acquisition of control investments, or the sale, liquidation, or other disposal of investments;

g.     FSC's fair-value accounting and recognition of income, including its revenue recognition for original-issue discounts, accruals, accruals on contingent-payment debt instruments, PIK interest, loan-origination fee income, and other fee income;

h.     policies, processes, and procedures concerning the valuation of investments, portfolio management, revenue recognition, and disclosure, including FSC's Valuation Policy, Valuation Narrative, Portfolio Management Narrative, Revenue Recognition Narrative, and Disclosure Policy;

i.     decisions regarding FSC's dividends, including whether to pay dividends in any particular quarter, the amount of dividends to be paid, announcements of and statements regarding dividends, and the timing of dividend payments;

j.     FSC's investment-advisory arrangements with FSM and/or its Affiliates, including the services provided by FSM, all base, incentive, and other fees, costs, and expenses paid by FSC under the Investment Advisory Agreement ("IAA"), the provisions of the IAA, communications between FSC and its shareholders (including RiverNorth Capital Management LLC) regarding the IAA, and FSC's indemnity and advancement obligations to FSM or its Affiliates;

k.     FSC's administration arrangements with FSC CT and/or its Affiliates, including the services provided by FSC CT, all costs, fees, and expenses paid by FSC under the Administration Agreement with FSC CT, the provisions of the Administration Agreement, and FSC's indemnity and advancement obligations to FSC CT or its Affiliates;

l.     FSC's participation in any agreements, ventures, partnerships, or any similar arrangements with any of its affiliates, including any alleged conflicts of interest and FSC's waiver of any alleged conflicts;

m.     FSC's partnership with Trinity Universal Insurance Company (a subsidiary of Kemper Corporation) to establish Senior Loan Fund JV 1, LLC ("SLF JV1"), and the financial performance and income generation of SLF JV1;

n.     FSC's secondary offering of common stock announced on July 10, 2014, and the materials disseminated and statements made in connection with that offering;

o.     accounting treatment relating to investments (including the recognition of revenue) and to fees paid to FSC's investment advisor and administrator;

p.     FSC's assets, asset quality, financial condition, revenues, income (including fee income, net investment income, and PIK income), expenses, earnings per share, and other financial metrics, and auditors' comments about FSC's financial condition;

q.     FSC's governance and internal controls, including any deficiencies and weaknesses in such controls;

r.     FSC's earnings announcements and other public statements about financial results during the Class Period;

s.     FSAM's IPO, the offering's alleged impact on FSAM's, FSM's, and/or FSC CT's performance of services for FSC, and the uses of the IPO proceeds; and

t.     Releasees' statements about, characterizations of, or alleged omissions concerning any or all of the above matters, including any alleged failures to comply with Item 303 of SEC Regulation S-K.

The term "Released Plaintiff's Claims" also includes any Claim relating to the initiation, litigation, settlement, or dissemination of notice of the Action, including the payment of any settlement relief to settle the Action; *provided however*, that the term "Released Plaintiff's

Claims" does not include any claims to enforce the Settlement Agreement or brought on behalf of FSAM stock purchasers in the FSAM Class Action.

**"Releasees"**

"Releasee" means each and every one of, and "Releasees" means all of, the following:

     a.     Defendants and their Family Members, heirs, trustees, administrators, successors, representatives, agents, and assigns;

     b.     Each and every entity that falls within the definition of FSC Releasees or FSAM Releasees; and

     c.     Each of the FSC Releasees' and FSAM Releasees' respective past and present directors, executive-committee members, officers, officials, employees, members, partners, principals, agents, attorneys (including in-house or outside attorneys (including Defendants' Counsel) employed or retained by the FSC Releasees or the FSAM Releasees), advisors, investment bankers, trustees, administrators, fiduciaries, consultants, actuaries, representatives, accountants, accounting advisors, auditors, insurers, reinsurers, service providers, and valuation firms (including ITPs).

**Releasor:**

"Releasor" means each and every one of, and "Releasors" means all of, (*i*) Plaintiff, (*ii*) all other Class Members, (*iii*) their respective past or present parents, predecessors, successors, heirs, beneficiaries, representatives, agents, assigns, Affiliates, divisions, business units, subsidiaries, any entities in which any Releasor has or had a Controlling Interest or that has or had a Controlling Interest in him, her, or it, and any other person or entity claiming by or through, on behalf of, for the benefit of, derivatively for, or as representative of Plaintiff or any other Class

APP-6

Member, and (*iv*) the respective past and present directors, governors, executive-committee members, officers, officials, employees, members, partners, principals, agents, attorneys (including their General Counsel and other in-house or outside attorneys), advisors, trustees, administrators, fiduciaries, consultants, service providers, representatives, successors in interest, assigns, beneficiaries, heirs, executors, accountants, accounting advisors, and auditors of any or all of the above persons or entities.

61623184v2